IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA ROUNDS, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 CV 3493 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's motion for attorney's fees and costs in the amount of $10,176.48 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b). (Doc. Nos. 29, 31.) For the reasons stated below, the motion is granted.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on June 28, 2004. A hearing was held before the Administrative Law Judge (ALJ) on August 3, 2006. On September 25, 2006, the ALJ issued a decision that Plaintiff was not disabled. The ALJ found that although Plaintiff was precluded from performing substantial gainful activity in her past relevant work, based on the testimony of a vocational expert, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.[1]

---

[1] The ALJ's decision became the final decision of the Defendant Commissioner of Social Security.

1

Plaintiff appealed the Commissioner's decision to this Court. On January 24, 2008, this Court granted a motion by Plaintiff for summary judgment, vacated the decision of the ALJ and remanded the case for further proceedings. The Court found that the ALJ's decision to afford Plaintiff's treating providers little weight in her determination was supported by substantial evidence. (Mem. Op. and Ord. at 10.) The Court also found the ALJ set forth several reasons why Plaintiff's testimony as to her limitations was not credible. However, the Court found the ALJ committed error because the ALJ failed to explain in sufficient detail why she found Plaintiff's testimony as to the intensity and persistence of Plaintiff's symptoms not to be credible. (Mem. Op. and Ord. at 11.) The Court stated:

> ALJ Kossek failed to explain in sufficient detail why Rounds' testimony as to the intensity and persistence of her symptoms was not credible. Instead, as to these two determinations, ALJ Kossek states that the determination was made '[a]fter considering the evidence of record.' As such, the necessary degree of specificity is lacking. Thus, ALJ Kossek's credibility determination constitutes legal error.

(Mem. Op. and Ord. at 11.) (citation omitted).

In addition, the Court noted that an ALJ's decision may be remanded if it is not clear from the record whether the ALJ committed harmless error by failing to compare the testimony of a vocational expert to the D.O.T., as required by SSR 00-04p. The Court found that the ALJ erred in failing to expressly ask the vocational expert whether his testimony was consistent with the D.O.T. The Court stated:

> The mere reference to the D.O.T. by the VE is not sufficient to satisfy the ALJ's affirmative duty to specifically ask the VE about any possible conflicts with the D.O.T. Furthermore, while the VE did identify certain examples of positions Rounds was capable of performing, it cannot be determined from the record whether the positions cited by the VE are

2

consistent with the D.O.T. The issue remains for further adjudication.
(Mem. Op. and Ord. at 12.) The Court remanded the case for further proceedings on these points.

Plaintiff now moves for fees and costs as a "prevailing party." The EAJA provides for an award of reasonable attorney's fees and expenses to a "prevailing party in any civil action brought . . . against the United States or any agency." 28 U.S.C. § 2412(b). A district court has discretion to award fees where: (1) the claimant is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist making an award unjust; and (4) the fee application is submitted to the court within 30 days of the final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The only issue between the parties here is whether the Commissioner's decision was substantially justified.

"Although there is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA, the government bears the burden of proving that its position meets the substantially justified standard." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). The government's position is "substantially justified" if it has a reasonable basis in law and fact. *Golembiewski*, 382 F.3d at 724. The position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position must be stronger than merely non-frivolous. *Id.* at 565-66. On the other hand, the Commissioner's position need not have been correct. *Jackson v.*

3

*Chater*, 94 F.3d 274, 278 (7th Cir. 1996). Substantially justified does not mean justified to a "high degree," and the standard is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

As stated, the basis for the remand in this case was that the ALJ did not adequately articulate her credibility assessment of the Plaintiff and did not expressly ask the vocational expert whether his testimony was consistent with the D.O.T.

Fees are not warranted on the basis of the ALJ's error regarding her credibility determination. In *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006), the Seventh Circuit upheld a denial of fees where the ALJ failed to adequately explain the basis for his credibility determination. In *Cunningham*, the ALJ engaged in a discussion regarding the petitioner's credibility (the ALJ found the petitioner's allegations of pain and related job limitations not credible and discounted the supporting opinions of petitioner's treating physician because they were based on petitioner's subjective complaints), but the district court remanded the case because the ALJ failed to fully explain why the petitioner's credibility regarding his back pain was discounted where medical evidence supported his position. The Seventh Circuit held that even though the ALJ was "not as thorough in his analysis as he could have been," the ALJ's decision was nevertheless substantially justified. *Cunningham*, 440 F.3d at 865.

In contrast, in *Golembiewski*, 382 F.3d 721, the Seventh Circuit reversed a denial of fees, finding that an ALJ's credibility determination was not substantially justified where the ALJ's decision "contained no discussion of credibility" and reflected other

significant errors, including mischaracterizing evidence and completely ignoring evidence supporting the petitioner's claim.

Here, the ALJ engaged in some credibility assessment, but the Court found "the necessary degree of specificity" lacking. (Mem of Op. and Ord. at 11.) This ruling is more aligned with the ruling in *Cunningham* rather than in *Golembiewski*.

Nevertheless, fees are warranted here on the basis of the ALJ's failure to establish whether the vocational expert's testimony was consistent with the D.O.T. *See Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) ("Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point.") As the district court stated in *Morton v. Barnhart*, No. 1: 03 cv 0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005), an "ALJ's failure to question the VE as to whether his testimony was consistent with the DOT [constitutes] a straightforward failure to comply with the specific requirements of SSR-00-04p, and . . . the Commissioner's position . . . has not been substantially justified." (citation omitted). *See also Davenport v. Astrue*, No. 2: 07 cv 0064, 2008 WL 2691115, at * 7 (N.D. Ind. July 3, 2008) (awarding fees).

Because the Commissioner's position on one of two issues remanded by the Court was without substantial justification, Plaintiff's counsel is entitled to reasonable attorney's fees pursuant to the EAJA.

Plaintiff's attorney has the burden of proving that the EAJA fees he seeks are reasonable. The Commissioner does not dispute the reasonableness of Plaintiff's counsel's asserted hourly rates but contends the amount of time spent (34 hours on writing a 17-page brief and 13.8 hours on writing a reply) "appears excessive" given the relatively routine issues raised. The Court agrees that the issues raised in this petition are relatively routine for Plaintiff's counsel, who has substantial experience in this area. However, the Commissioner does not point to any specific entries on Plaintiff's itemization that are clerical in nature or otherwise demonstrate how the asserted fees are excessive in light of the issues raised. There is no specific information indicating that the asserted fees are unreasonable or unrecoverable; therefore, the Court finds that the asserted $10,176.48 in fees is reasonable.

In addition, the Court finds the amount of time Plaintiff's counsel seeks in its supplemental fee petition (3.2 hours) for preparing the reply in this EAJA petition to be reasonable and recoverable. Thus, the Court finds an additional $536.76 in fees recoverable.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act is granted. The Court awards Plaintiff's attorney a total of $10,713.24.

Date: August 21, 2008

JOHN W. DARRAH
United States District Court Judge